**ORIGINAL**

## In the United States Court of Federal Claims

No. 16-683 C

(Filed February 3, 2017)

**UNPUBLISHED**

**FILED**

**FEB - 3 2017**

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * *
ROBERT L. FINDLEY,         *
                           *    Pro Se Plaintiff; RCFC 12(b)(1);
        Pro Se Plaintiff,  *    RCFC 12(b)(6); No Jurisdiction
                           *    over Blacklisting Claim, Breach
    v.                     *    of Contract Claim or Regulatory
                           *    Takings Claim; Failure to State a
THE UNITED STATES,         *    Claim.
                           *
        Defendant.         *
* * * * * * * * * * * * * *
```

*Robert L. Findley*, Hebron, MD, *pro se*.

*Daniel B. Volk*, United States Department of Justice, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Franklin E. White, Jr.*, Assistant Director, Washington, DC, for defendant.

---

**OPINION**

---

**BUSH**, *Senior Judge*.

The court has before it defendant's motion to dismiss this suit which was brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). Defendant's motion has been fully briefed. For the reasons set forth below, defendant's motion is granted.

7014 1200 0000 9093 6491

# BACKGROUND[1]

*Pro se* plaintiff Robert L. Findley is a developer and manager of low-income housing projects and has been involved with such projects since the 1970s. Compl. ¶ 4. These projects have used government subsidies of various types. *Id.* The project that is the principal focus of this suit is Hurlock Village Apartments (Hurlock) in Hurlock, Maryland. The agency which provided one type of subsidy for Hurlock was the United States Department of Agriculture (USDA). The subsidy provided was a loan in the amount of $708,000, which was to be repaid over a period of fifty years beginning in 1986. *Id.* Ex. E.

According to plaintiff, USDA never provided an additional type of subsidy for Hurlock, which would have provided "rental assistance to attract and retain low-income tenants." Compl. ¶ 5. One of the two distinct claims in the complaint, whether it is characterized as a breach of contract or some other type of actionable event, is that USDA should have provided rental assistance to Hurlock along with the loan of $708,000. *Id.* ¶ 14. In 2008, Hurlock experienced financial difficulties and was charged with non-compliance with the terms of its repayment obligations. *Id.* ¶ 5. USDA issued a notice of foreclosure in 2012, and this decision was upheld during an administrative appeal process within the USDA. *Id.* ¶ 6.

In 2014, the foreclosure status of Hurlock was the basis of an administrative decision by USDA to deny funding for any new low-income housing projects involving Mr. Findley in an ownership or management role. Compl. ¶ 7, Ex. D. This administrative decision by USDA is the focus of the second distinct claim in the complaint in this case, a claim based on the "blacklisting" of Mr. Findley by USDA. *Id.* ¶ 11. Later in 2014, Mr. Findley, proceeding *pro se*, filed suit in the United States District Court for the District of Maryland challenging the aforementioned actions of the USDA. *Id.* ¶ 7. The suit was deemed to rely upon the Administrative Procedure Act, 5 U.S.C. §§ 701-706 (2012), and was dismissed because Mr. Findley failed to meet his burden to show that the denial of his USDA administrative appeal was arbitrary or capricious. *Id.* Ex. C. The district court opinion issued on January 14, 2016. *Id.* Ex. C; *see Findley v. U.S. Dep't of Agric.*,

---

[1] The facts recited here are taken from the complaint and attachments thereto. The court makes no finding of fact in this opinion.

No. WDQ-14-3658, 2016 WL 183900 (D. Md. Jan. 14, 2016).

On June 10, 2016, plaintiff filed suit in this court, again challenging the actions of the USDA in its administration of subsidies for Hurlock and its "blacklisting" of Mr. Findley from future low-income housing projects involving USDA funding. Compl. ¶¶ 14, 37. Defendant filed a motion to dismiss on August 9, 2016. When no response from plaintiff was filed, the court allowed plaintiff additional time to file a response brief. Defendant's motion is now fully briefed.

## DISCUSSION

### I.   Standards of Review

#### A.   *Pro Se* Litigants

The court acknowledges that Mr. Findley is proceeding *pro se*, and is "not expected to frame issues with the precision of a common law pleading." *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987). *Pro se* plaintiffs are entitled to a liberal construction of their pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has examined the complaint and plaintiff's response brief thoroughly in an attempt to discern plaintiff's claims and legal arguments.[2]

#### B.   RCFC 12(b)(1)

In considering the issue of subject matter jurisdiction, this court must presume all undisputed factual allegations in the complaint to be true and construe all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). However, plaintiff bears the burden of establishing subject matter

---

[2] The court deems plaintiff's response brief to be a clarification of the statement of the claims presented in the complaint. *See, e.g., Gardner v. United States*, No. 10-451, 2011 WL 678429, at *4 n.5 (Fed. Cl. Feb. 17, 2011) (construing a *pro se* plaintiff's response to a motion to dismiss as an amendment to her complaint).

jurisdiction, *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)), and must do so by a preponderance of the evidence, *Reynolds*, 846 F.2d at 748 (citations omitted). If jurisdiction is found to be lacking, this court must dismiss the action. RCFC 12(h)(3).

The Tucker Act delineates this court's jurisdiction. 28 U.S.C. § 1491 (2012). That statute "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) (citations omitted). These include money damages claims against the federal government founded upon the Constitution, an act of Congress, a regulation promulgated by an executive department, any express or implied contract with the United States, or any claim for liquidated or unliquidated damages in cases not sounding in tort. *Id.* (citing 28 U.S.C. § 1491(a)(1)).

The Tucker Act concurrently "waives the Government's sovereign immunity for those actions." *Id.* The statute does not, however, create a substantive cause of action or right to recover money damages in the Court of Federal Claims. *Id.* "[T]o come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Id.*

In other words, the source underlying the cause of action must be money-mandating, in that it "'can fairly be interpreted as mandating compensation by the Federal Government.'" *United States v. Testan*, 424 U.S. 392, 400 (1976) (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967) and citing *Mosca v. United States*, 417 F.2d 1382, 1386 (Ct. Cl. 1969)). If the provision relied upon is found to be money-mandating, the plaintiff need not rely upon a waiver of sovereign immunity beyond the Tucker Act. *Huston v. United States*, 956 F.2d 259, 261 (Fed. Cir. 1992) (citing *United States v. Mitchell*, 463 U.S. 206, 218 (1983)). If, on the other hand, no money-mandating source supports the cause of action, jurisdiction is lacking and this court must dismiss the action. *See id.* at 261-62 (affirming the dismissal of a claim where the statute relied upon by the plaintiff was not money-mandating).

### C. RCFC 12(b)(6)

4

It is well-settled that a complaint should be dismissed under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). When considering a motion to dismiss brought under RCFC 12(b)(6), "the allegations of the complaint should be construed favorably to the pleader." *Scheuer*, 416 U.S. at 236. The court must inquire, however, whether the complaint meets the "plausibility" standard described by the United States Supreme Court, *i.e.*, whether it adequately states a claim and provides a "showing [of] any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560, 563 (2007) (*Twombly*) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*Iqbal*) (quoting *Twombly*, 550 U.S. at 570).

As the United States Court of Appeals for the Federal Circuit has explained:

> We must presume that the facts are as alleged in the complaint, and make all reasonable inferences in favor of the plaintiff. To state a claim, the complaint must allege facts plausibly suggesting (not merely consistent with) a showing of entitlement to relief. The factual allegations must be enough to raise a right to relief above the speculative level. This does not require the plaintiff to set out in detail the facts upon which the claim is based, but enough facts to state a claim to relief that is plausible on its face.

*Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (citations and internal quotations omitted). When reading the complaint, however, the court must not mistake legal conclusions for factual allegations which are entitled to favorable inferences. *See, e.g., Sioux Honey Ass'n v. Hartford Fire Ins. Co.*, 672 F.3d 1041, 1062 (Fed. Cir. 2012) ("The Supreme Court explained in *Twombly* that while [the pleading standard] does not require 'detailed factual allegations,' it does require more than 'labels and conclusions.'" (citing *Twombly*, 550 U.S. at 555)). In its application, the plausibility standard has frequently been described as "context-specific." *See, e.g., Iqbal*, 556 U.S. at 679 ("Determining whether a complaint

states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.") (citation omitted).

## II. Jurisdictional Analysis

### A. Blacklisting Claim

Mr. Findley seeks relief from this court related to the "blacklisting" that prevents him from owning or managing new low-income housing projects subsidized by USDA. Compl. ¶¶ 17, 34, 37. He sought relief from the district court related to his blacklisting, as well. Compl. Ex. B at 26. As plaintiff states in his response brief,

> [t]his case is about how Findley was unfairly blacklisted and damaged, and how the government handled itself, avoided the right and proper way to conduct business, and has yet to make Findley whole.

Pl.'s Resp. at 1. Plaintiff seeks $15 billion dollars in punitive damages in this suit, at least in part due to his blacklisting. Compl. ¶ 39.

As defendant argued in its opening brief, however,

> Mr. Findley's complaint fails to identify any provision of law or contract upon which this Court could exercise jurisdiction to entertain a challenge to Mr. Findley's ineligibility to own or manage future USDA-funded housing projects or to the USDA's regulations in this regard.

Def.'s Mot. at 5. Plaintiff's sole response to this jurisdictional challenge is his assertion that his request for money damages suffices to establish this court's jurisdiction over his blacklisting claim. Pl.'s Resp. at 4. The bare claim for money damages is not, however, a money-mandating source of law.

This court, under the Tucker Act, has no jurisdiction over plaintiff's

blacklisting claim. The court is not aware of any money-mandating statute or regulation that is implicated by the USDA action complained of in plaintiff's blacklisting claim, and plaintiff has not met his burden to identify a source of law which supports this court's jurisdiction over his claim. As the Federal Circuit has explained, if

> the source [of law] as alleged and pleaded is not money-mandating, the court shall so declare, and shall dismiss the cause for lack of jurisdiction, a Rule 12(b)(1) dismissal – the absence of a money-mandating source being fatal to the court's jurisdiction under the Tucker Act.

*Fisher*, 402 F.3d at 1173. Under controlling precedent, Mr. Findley's blacklisting claim must be dismissed for lack of subject matter jurisdiction.

### B. Breach of Contract Claim

Plaintiff's breach of contract claim is founded on the USDA's failure to provide rental assistance along with the underlying loan for Hurlock. Although contract claims are normally within this court's subject matter jurisdiction, any breach of contract claim based on USDA's failure to provide rental assistance to Hurlock is barred by this court's statute of limitations. According to the complaint, USDA refused Hurlock rental assistance beginning in 1986. *See, e.g.*, Compl. ¶ 14 (asserting that Hurlock has been denied rental assistance for "31 years"); Pl.'s Resp. at 3 (noting the USDA's "refusal to give rental assistance to Hurlock from 1986 to the present"). Thus, Hurlock's breach of contract claim accrued in 1986 and is barred by this court's six-year statute of limitations. *See* 28 U.S.C. § 2501 (2012) ("Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."). Even if the breach of contract claim regarding rental assistance could be considered to have accrued later in time, plaintiff notes in the complaint that in 2005 USDA made it clear that properties such as Hurlock would *never* receive rental assistance. Compl. ¶ 65. This later accrual date of 2005 is also outside the six-year window of time for a suit filed in this court in 2016. The court has no jurisdiction over plaintiff's breach of contract claim because it is time-barred.

7

In addition, as defendant notes, Mr. Findley could not bring a suit to assert a contract right that belongs to the partnership that owns Hurlock. The entity that possesses those rights is "Hurlock Village Associates Limited Partnership," according to the loan documents attached to the complaint. Compl. Ex. E at 1. Mr. Findley acknowledges that it is the Hurlock partnership that owns Hurlock, not plaintiff individually. *Id.* ¶ 1. A *pro se* plaintiff may only represent himself or a family member in this court. *See* RCFC 83.1(a)(3). The Hurlock partnership is not a party or otherwise represented in this suit and its contract rights cannot be asserted in this case.

Because Mr. Findley has not identified any contract with the United States to which he is a party, there is no contract identified in the complaint which would support a breach of contract claim in this lawsuit. Defendant therefore argues that Mr. Findley lacks standing to bring this contract claim, and the court must agree. *See, e.g., Anderson v. United States*, 344 F.3d 1343, 1351 (Fed. Cir. 2003) ("To have standing to sue the sovereign on a contract claim, a plaintiff must be in privity of contract with the United States." (citing *Erickson Air Crane Co. v. United States*, 731 F.2d 810, 813 (Fed. Cir. 1984))). Lack of standing requires dismissal on jurisdictional grounds. *See, e.g., Rocky Mountain Helium, LLC v. United States*, 841 F.3d 1320, 1324 (Fed. Cir. 2016) (commenting that if a plaintiff "lacked constitutional standing to assert its claim for breach of . . . [c]ontract[,] that conclusion would support the jurisdictional dismissal" of the suit) (citing *Anderson*, 344 F.3d at 1349). Thus, in addition to the claim's previously discussed statute of limitations infirmity, because Mr. Findley lacks standing to assert any contract claim in this suit, the breach of contract claim in the complaint must be dismissed for lack of subject matter jurisdiction.

### C.   Regulatory Takings Claim

Plaintiff also characterizes USDA's refusal to provide Hurlock rental assistance as a regulatory taking. Compl. ¶¶ 75-77; Pl.'s Resp. at 1-3, 10. This claim is also time-barred because the regulatory changes effecting the claimed taking occurred, according to the complaint, in 2005. Compl. ¶¶ 64-65. A takings claim that accrued in 2005 and that is presented in a complaint filed in this court in 2016 is clearly in excess of the six-year statute of limitations and barred by § 2501. *See supra*. Any takings claim stated in the complaint must be dismissed because it is untimely.

Further, plaintiff has not identified any property right that belonged to Mr. Findley that could have been taken when USDA promulgated regulations regarding rental assistance for housing developments like Hurlock in 2005. If any entity possessed a property right to rental assistance for the tenants of Hurlock, that would have been the Hurlock partnership, not Mr. Findley. Compl. Ex. E at 1. There is no property right to rental assistance identified in the complaint that belongs to Mr. Findley as an individual. As with the breach of contract claim stated in the complaint, *see supra*, Mr. Findley lacks standing to bring any regulatory takings claim in this suit. *See, e.g., Abbas v. United States*, 124 Fed. Cl. 46, 53 (2015) (stating that "a plaintiff must show that he or she owned the property alleged to have been taken at the time that the alleged takings occurred, to have standing to bring a takings claim" (citing *Cristina Inv. Corp. v. United States*, 40 Fed. Cl. 571, 580 (1998))), *aff'd on other grounds*, 842 F.3d 1371 (Fed. Cir. 2016); *cf. Williams v. United States*, 482 F. App'x 580, 582 (Fed. Cir. 2012) (holding that the *pro se* plaintiff in that suit lacked standing to bring takings claims in this court for any persons other than family members). Thus, in addition to the claim's previously discussed statute of limitations infirmity, because Mr. Findley lacks standing to bring the regulatory takings claim stated in the complaint, this claim, too, must be dismissed for lack of subject matter jurisdiction.[3]

### III. Failure to State a Claim under RCFC 12(b)(6)

Even if Mr. Findley had standing to assert claims on behalf of the Hurlock partnership, and even if the statute of limitations did not apply to the claims stated in the complaint, plaintiff fails to present plausible claims based upon rights established by the loan agreement between USDA and the Hurlock partnership. No contract provision has been identified which mandated the provision of rental assistance to the Hurlock development. No violation of specific contract rights has been identified in USDA's administration of the agreements with the Hurlock partnership cited by plaintiff. No property right guaranteed by law has been implicated by the regulatory changes addressed by plaintiff in his complaint.

---

[3] To the extent that Mr. Findley asserts a claim based on due process violations, defendant correctly notes that due process guarantees do not provide this court with jurisdiction over a plaintiff's claims. *See* Def.'s Mot. at 4.

As defendant notes, this lawsuit is fundamentally at odds with the cases relied upon by plaintiff. In *Cienega Gardens v. United States*, 331 F.3d 1319, 1340 (Fed. Cir. 2003), legislation abrogated a specific right established by the plaintiffs' contracts with the United States. Here, plaintiff has not identified any specific contract provision establishing a right to rental assistance; instead, he relies on general pronouncements in the Federal Register. *See* Compl. Ex. G. Because plaintiff's claims lack any specific foundation in the language of the loan agreement between USDA and the Hurlock partnership, the claims in this case cannot be compared to those litigated in *Cienega Gardens*.

In *Franconia Associates v. United States*, 536 U.S. 129, 143 (2002), another case cited by plaintiff, the breach of contract in question was established by the failure of the government to perform a specific obligation established under the plaintiffs' contracts. No such performance obligation established by the specific language of the loan agreement between the Hurlock partnership and USDA has been identified here. Nor has any breach of such a performance obligation in the Hurlock contract been identified. Plaintiff's case citations are thus unavailing.

Because the allegations of the complaint do not plausibly establish any breach of contract or any regulatory taking, plaintiff's contract and takings claims would necessarily have been dismissed for failure to state a claim even if the court could have exercised jurisdiction over them. *See, e.g., Cary*, 552 F.3d at 1376 ("To state a claim, the complaint must allege facts plausibly suggesting (not merely consistent with) a showing of entitlement to relief."). As for the blacklisting claim, even if plaintiff had identified a money-mandating source of law to support recovery on his blacklisting claim in this court, that claim, too, is not plausible. USDA has the power, through the regulatory mechanisms outlined by the parties, *see* Compl. ¶¶ 8, 17, 37; Def.'s Mot. at 5 (citing 7 C.F.R. §§ 3560.55, 3560.102 (2016)); Pl.'s Resp. at 5, to exclude a manager of a project in default from participating in new subsidized housing projects. If the regulation is unfair to small business owners, that is a matter for Congress, not the courts, to address. No legal remedy for plaintiff's blacklisting claim would have been available in this court because it is not plausible, even if plaintiff had been able to establish this court's jurisdiction over his claim. Thus, all of plaintiff's claims were susceptible to dismissal under RCFC 12(b)(6), even if they had survived defendant's jurisdictional challenges.

## CONCLUSION

Accordingly, it is hereby **ORDERED** that:

(1) Defendant's Motion to Dismiss, filed August 9, 2016, is **GRANTED**;

(2) The Clerk's Office is directed to **ENTER** final judgment in favor of defendant **DISMISSING** the complaint for lack of subject matter jurisdiction, without prejudice; and,

(3) Each party shall bear its own costs.

LYNN J. BUSH
Senior Judge